1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

21

SERVER TECHNOLOGY, INC.,
a Nevada corporation,

22

23
        Plaintiff,

v.

24

AMERICAN POWER CONVERSION
CORPORATION, a Massachusetts corporation,
and SCHNEIDER ELECTRIC IT
CORPORATION, a Massachusetts corporation,

25

26

        Defendants.

Case No.  3:15-cv-00329-LRH-WGC


**JOINT MOTION TO REINSTATE THE
STAY OF PROCEEDINGS**


**AND ORDER THEREON**

Plaintiff Server Technology, Inc. ("STI") and defendants American Power Conversion Corporation and Schneider Electric IT Corporation (collectively, "APC") respectfully submit the following joint motion to reinstate the stay of proceedings in this case. The stay initially was entered by order dated October 6, 2015 (ECF. No. 36).

On March 10, 2017, the Court lifted the stay in this case and asked the parties to file a status report (ECF No. 41), which is being filed concurrently with this motion. The parties understand that in light of the conclusion of the appeal in *STI I* and the proceedings on remand, the Court lifted the stay. Nonetheless, for the reasons set forth below, the parties respectfully request that the stay be continued.[1]

In support of this motion, the parties state the following:

1.     This is an action for claims of patent infringement. Here, STI alleges that APC through the use, manufacture, distribution, and sale of its power distribution units, has directly infringed claim 15 of both U.S. Patent No. 7,043,543 ("the '543 patent") and U.S. Patent No. 7,702,771 ("the '771 patent").

2.     The same patent claims (claim 15 of both the '543 patent and '771 patent) were previously asserted against different APC products in a related patent infringement case between the same parties, *Server Technology, Inc. v. American Power Conversion Corporation*, Case No. 3:06-CV-00698-LRH-VPC (D. Nev.) ("*STI I*") (Hicks, J.).

3.     In that case, after a jury trial, the claims were determined to be infringed, not invalid, and not unenforceable. The Court entered judgment regarding the infringement, validity, and enforceability of those claims. APC appealed the case to the United States Court of Appeals for the Federal Circuit, which reversed and remanded the case for retrial. Case No. 15-1605. The parties have since submitted a proposed scheduling order to govern that case.

4.     One of the patent claims at issue in this action, claim 15 of the '543 patent, also is the subject of a reexamination proceeding in the U.S. Patent and Trademark Office that was

---

[1] For clarity, the parties note that they are not seeking a stay in *Server Tech., Inc. v. Am. Power Conversion Corp.*, Case No. 3:11-cv-0068-LRH-WGC ("*STI II*").

initiated by APC, *American Power Conversion Corporation v. Server Technology, Inc.*, *Inter Partes* Reexamination Control No. 95/001,485 (filed Nov. 12, 2010) ("Reexamination").  On September 29, 2015, the Patent Trial and Appeal Board issued an opinion finding that claim, and others, invalid.  That order is subject to further proceedings in the Patent Office and is not yet appealable to the United States Court of Appeals for the Federal Circuit.

5.      While *STI I* was on appeal, the parties requested that the Court stay the present case, pending resolution of the appeal in *STI I* and the Reexamination.  (ECF No. 35).  The parties pointed out that the validity of the patent claims asserted in this action (solely claim 15 of the '543 and '771 patents) will be directly impacted by the outcome of *STI I* and/or the Reexamination proceedings.  (*Id.*)  The parties further agreed that resolution of the validity issues would possibly determine the outcome of this action (if the claims are ultimately found invalid) or, at a minimum, may create an opportunity for settlement of the present case.  (*Id.*).

6.      The Court agreed and granted the requested stay.  (ECF No. 36.)

7.      The appeal in *STI I* has since concluded, and on March 10, 2017, the Court lifted the present stay and instructed the parties to file a joint status report.  (ECF No. 41.)

8.      As discussed below, and in the concurrent joint status report, the parties believe that the Court should reinstate the stay of proceedings in this case pending resolution of *STI I* and the Reexamination.

9.      A district court has the inherent power to stay its proceedings.  *E.g.*, *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Unwired Planet, LLC v. Google Inc.*, No. 3:12-CV-00504-MMD-VP, 2014 WL 301002, at *4-5 (D. Nev. Jan. 27, 2014) (Du, J.) ("Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers.") (quotation omitted).

10.     As previously held, the present case involves STI's allegation that APC infringes the same claims of the same patents asserted in *STI I*.  The present case involves a different series of allegedly infringing products—the APC AP8600 series of power distribution units—and the issue of infringement in this case may depend on facts specific to the accused products in this case.  Complaint (ECF No. 1); *see generally* Joint Motion to Stay Proceedings (ECF No. 35).

11.     Similarly, APC asserted defenses and counterclaims in this case (ECF No. 32) that are related to the defenses in *STI I* (*see STI I*, ECF No. 338).

12.     In short, as at the time of the initial stay, the majority of issues in this case continue to be directly impacted by the outcome in *STI I* and/or the Reexamination, and reinstating the stay of this action would promote judicial economy and the interests of both parties.

13.     As such, the parties respectfully request that this case be stayed pending conclusion of *STI I* and the Reexamination, or until such other time as the Court may direct upon motion by any party.

14.     If the Court grants this motion, the parties will submit an update to the Court regarding the status of *STI I* and the Reexamination on or before September 29, 2017, or as directed by the Court.

1

## **ORDER OF THE COURT**

2      The Court finds that staying the present case is appropriate.

3      Therefore, IT IS ORDERED that this case is stayed pending conclusion of *STI I* and the

4  Reexamination, or until such other time as the Court may direct upon motion by any party.

5      IT IS FURTHER ORDERED that the parties submit a joint status report on or before

6  September 29, 2017, regarding the status of *STI I* and the Reexamination.

7

8      DATED this 4th day of April, 2017.

9

10

11  _____

12  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26